# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **RANDALL REDD,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09CV411MLM |
| ) | |
| **SUNTRUP HYUNDAI, INC.** ) | |
| **d/b/a SUNTRUP HYUNDAI,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Before the court is the Motion to Remand filed by Plaintiff Randall Redd ("Plaintiff"). Doc. 8. Defendant Suntrup Hyundai, Inc., d/b/a/ Suntrup Hyundai ("Defendant") filed a Response. Doc. 12. Plaintiff filed a Reply. Doc. 13. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 11.

## BACKGROUND

Plaintiff filed this matter in State court on January 14, 2009, alleging that Defendant is in the business of selling and/or leasing automobiles or other property; that as part of this business Defendant "prepares and processes purchase agreements, invoices, retail installment contracts, title work, financing documents and other instruments and/or documents of legal significance that affect or relate to secular rights and title to property"; that Defendant charges customers a fee for the preparation and processing of these documents; that Defendant refers to this fee as a Consumer Services & Benefits Fee; and that by doing so Defendant engaged in the unauthorized practice of law pursuant to Mo. Rev. Stat. § 484.010, violated the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407/020, and was unjustly enriched and negligent. Plaintiff seeks to

represent an unnamed class of "persons and other entities who were charged the Consumer Services & Benefits Fee in connection with the purchase and/or lease of a motor vehicle or other property from Defendant." Compl. at ¶¶ 1-9. Plaintiff seeks statutory treble damages under Mo. Rev. Stat. § 484.010. Plaintiff also seeks actual and punitive damages, interest, and attorney's fees in regard to all claims.

Defendant acknowledges that it charged the Customer Services & Benefits Fee in an amount which varied between $149 and $199 in connection with its sale and lease of vehicles to customers between January 14, 2004, and January 14, 2009, the date upon which Plaintiff filed the instant law suit. Also during this time period Defendant admits that it sold or leased approximately 8,022 vehicles, charging the Customer Services & Benefits Fee in the approximate cumulative amount of $1,304,378.

Defendant removed this matter to federal court on March 13, 2009, alleging that this court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. 1332(d)(1)-(2). Plaintiff alleges that the matter should be remanded to State court pursuant to provisions of CAFA which provide the court with discretion to decline to exercise jurisdiction. If the court finds that additional information is required to ascertain whether or not it should exercise jurisdiction, Plaintiff requests that the court stay its decision on the motion to remand for 45 days and permit Plaintiff to conduct limited discovery for the purpose of determining whether federal jurisdiction exists.

## LEGAL FRAMEWORK and DISCUSSION

CAFA, 28 U.S.C. 1332(d), provides, in relevant part, as follows:

(2) The district courts shall have original jurisdiction of any civil action in which the matter in *controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs*, and is a class action in which--

2

(A) any member of a class of plaintiffs is a citizen of a State different from any defendant;

(B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or

(C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

CAFA, § 1332(d), provides for a "home state" exception to federal jurisdiction, as follows:

(3) A district court may, in the interests of justice and looking at the totality of the circumstances, *decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed* based on consideration of--

(A) whether the claims asserted involve matters of national or interstate interest;

(B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;

(C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

(D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

(E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

(F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

(4) A district court shall decline to exercise jurisdiction under paragraph (2)--

(A)(i) over a class action in which--

(I) *greater than two-thirds of the members of all proposed plaintiff classes in the*

*aggregate are citizens of the State in which the action was originally filed*;

(II) at least 1 defendant is a defendant--

(aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or

(B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

Upon determining whether remand is appropriate, a federal court should resolve all doubts in favor of remand. Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007). A defendant who removes a matter from state to federal court has the burden of establishing, by a preponderance of evidence, that the requisite amount in controversy for federal jurisdiction exists. Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009) (citing In re Minn. Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir.2003)); James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005). In particular, in regard to CAFA, the Seventh Circuit has held that, upon a motion to remand, a removing defendant has the burden to show federal jurisdiction. Brill v. Countrywide Home Loans, Inc., 427 F.3d 446 (7th Cir. 2005). In the matter under consideration Defendant argues and Plaintiff does not dispute that the amount in controversy requirement of CAFA is met.

In regard to the home state exception to federal jurisdiction, upon analyzing whether a matter should be remanded to state court pursuant to § 1332(d)(4), a court must consider the factors set forth in that subsection. Hart v. FedEx Ground Package Sys. Inc., 457 F.3d 675, 681 (7th Cir. 2006); Hirschback v. NVE Bank, 496 F. Supp.2d 451, 461 (D.N.J. 2007). On the other hand, the factors listed in § 1332(d)(3) for application of the home state exception are "permissive." Hart, 457 F.3d at 681.

Where a matter has been removed pursuant to CAFA, *a plaintiff seeking remand generally bears the burden of showing that the home state exception applies*. See e.g., Frazier v. Pioneer Americas LLC, 455 F.3d 542 (5th Cir. 2006); Hart, 457 F.3d 675; Serrano v. 180 Connect Inc., 478 F.3d 1018 (9th Cir. 2007); Evans v. Walter Indus., Inc., 449 F.3d 1159, 1164 (11th Cir. 2006). Plaintiff has not met its burden to provide the court with sufficient information to determine whether, at the time Plaintiff filed his cause of action, it is likely that at least two-thirds of the class resided in Missouri or even whether more than one-third of the class resided in Missouri. See CAFA, 28 U.S.C. § 1332(d)(3)-(4). As such, the court will grant Plaintiff's request to conduct limited discovery for the purpose of obtaining such information.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **DENIED**, without prejudice; Doc. 8

**IT IS FURTHER ORDERED** that Plaintiff is granted until June 15, 2009, to conduct discovery relevant to determining the residence of members of the class;

**IT IS FURTHER ORDERED** that Plaintiff is granted until June 26, 2009, to refile the Motion to Remand;

**IT IS FURTHER ORDERED** that in the event Plaintiff does not file a Motion to Remand by June 26, 2009, the court will set a Rule 16 Scheduling Conference;

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss and Motion to Compel Arbitration remain **STAYED**; Doc. 3, Doc. 5.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of April, 2009.